# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

January 3, 2018

154716

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                       SC: 154716
                                       COA: 333566
                                       Wayne CC: 11-005203-FC

KEVIN LAMAR HILL,
      Defendant-Appellant.
_____/

      By order of September 12, 2017, the defendant's former appellate counsel was directed to file a supplemental brief. On order of the Court, the brief having been received, the application for leave to appeal the September 9, 2016 order of the Court of Appeals is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court to reappoint attorney Arthur J. Rubiner, if feasible, to represent the defendant as on direct appellate review. If this appointment is not feasible, the trial court shall appoint other counsel to represent the defendant. See *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005). The record reflects that defendant's former appellate counsel did not contact the defendant in a timely manner, did not adequately review the record and determine that nothing might arguably support an appeal, and did not move for substitution of counsel until the deadline for filing a direct appeal was imminent. Thus, through no fault of the defendant, he lost the right to seek leave to appeal to the Court of Appeals on direct review. On remand, appellate counsel, once appointed, may file an application for leave to appeal in the Court of Appeals for consideration under the standard for direct appeals, and/or any appropriate postconviction motions in the circuit court, within six months of the date of the circuit court's order appointing or reappointing counsel. Counsel may include among the issues raised, but is not required to include, the issues that were raised on behalf of the defendant in the motion for relief from judgment that was filed in 2016.

      Costs are imposed against the attorney, Suzanna Kostovski, only, in the amount of $500, to be paid to the Clerk of this Court.

      We do not retain jurisdiction.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 3, 2018 _____

d1220



                              Clerk